








```
MEG

3:00-CV-2404 ALARIS MEDICAL V. FILTERTEK INC

*17*

*O*
```

FILED

01 DEC 20 AM 8: 51

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALARIS MEDICAL SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> FILTERTEK INCORPORATED, <br><br> Defendant. | Civil No. 00-CV-2404-L(AJB) <br><br> **ORDER DENYING MOTION TO DISMISS [doc. #8-1] AND GRANTING MOTION TO TRANSFER VENUE [doc. #8-2]** |

Defendant Filtertek Incorporated ("Filtertek") moves to dismiss or in the alternative, to transfer venue. The motion has been fully briefed. After having carefully reviewed defendant's motion, the Court finds that transfer of the case to the United States District Court for the Northern District of Illinois is appropriate and in the interest of justice.

## BACKGROUND

**1.      Factual Background**

Alaris Medical Systems, Inc. ("Alaris") filed this action on December 5, 2000, seeking declaratory relief. Filtertek filed an action alleging infringement of its United States Patent No. 5,360,413 ("the '413 patent") in the United States District Court for the Northern District of Illinois on March 1, 2001. Alaris had not yet served the present declaratory judgment action on Filtertek at the time Filtertek filed its infringement action in Illinois.

At the time Alaris filed its action in December 2000, settlement negotiations had been

00CV2404

ongoing since June 2000, at Filtertek's initiation. The day after Alaris filed its action, December 6, 2000, and without informing Filtertek that its action had been filed, the CEOs of Alaris and Filtertek met to continue the settlement negotiations. Filtertek repeatedly expressed its desire to Alaris to find a business solution and avoid litigation. Filtertek contends that, under the circumstances, Alaris's settlement negotiations were a sham and not in good faith, and moreover, Alaris filed its complaint anticipatorily for forum selection purposes and in bad faith.

Alaris does not dispute that it did not advise Filtertek of the filing of its declaratory action and did not serve its complaint until March 19, 2001, after Filtertek served Alaris on March 16, 2001, but contends it had a reasonable apprehension of suit when it filed its complaint. Consequently, the Court should adhere to the first-to-file rule and deny defendant's motion to dismiss or to transfer the action to the Northern District of Illinois.

**2.  First-to-File Rule**

When two actions involving similar parties and issues are commenced in separate forums, a court may exercise its discretion under the venue statute to transfer one of the actions; in so doing, preference is given to the first-filed plaintiff's choice of forum under the "first-to-file rule." But a party to the later-filed action may request the court to disregard the first- to-file rule based on certain equitable factors such as bad faith, anticipatory filing, forum shopping, judicial economy or the convenience of the parties and witnesses. 28 U.S.C.A. § 1404(a); *Alltrade, Inc. V. Uniweld Products, Inc.*, 946 F.2d 622, 628 (9th Cir. 1991). "The first to file rule was developed to 'serve the purpose of promoting efficiency well and should not be disregarded lightly.'" *Id.* at 625 (*quoting Church of Scientology v. United States Dept. of Army*, 611 F.2d 738, 750 (9th Cir. 1979)). The second filing party need not know that an earlier suit has been filed in order for the rule to apply. *Id.* at 624.

The parties do not dispute that the actions in the Northern District of Illinois and the Southern District of California involve the same parties and issues. Defendant moves to dismiss or alternatively, to transfer the action by seeking to have the Court disregard the first-to-file rule.

**3.  Anticipatory and Bad Faith Filing**

A suit is "anticipatory" for the purposes of being an exception to the first-to-file rule if the

1  plaintiff in the first-filed action filed suit acts on receipt of specific, concrete indications that a
2  suit by the defendant was imminent. *Ward v. Follett Corporation*, 158 F.R.D. 645, 648 (N.D.
3  Cal. 1994). Such anticipatory suits are disfavored because they are examples of forum
4  shopping. *Mission Ins. Co. v. Puritan Fashions Corp.*, 706 F.2d 599, 602 n. 3 (5th Cir. 1983).
5  By recognizing this exception to the first-to-file rule, courts seek to eliminate the race to the
6  courthouse door in an attempt to preempt a later suit in another forum. *Northwest Airlines v.*
7  *American Airlines*, 989 F.2d 1002, 1007 (8th Cir. 1993).
8     Here, Filtertek contends that plaintiff's Complaint was an obvious attempt to preserve this
9  forum's jurisdiction by filing suit first after receiving Filtertek's letter asserting potential patent
10 infringement and potential litigation. Filing a declaratory action after receipt of an intent to sue
11 letter favors a finding that the first-filed suit was done for anticipatory, forum shopping
12 purposes. *See Amerada Petroleum Corp. v. Marshall*, 381 F.2d 661, 663 (5th Cir.1967). In
13 *Ward*, the court recognized the need for "specific, concrete indications that a suit by defendant
14 was imminent [ ]" for a suit to be declared anticipatory. *Ward*, 158 F.R.D. at 648.
15     Filtertek contends when Alaris filed its complaint in December 2000, and Alaris agrees,
16 Alaris had a reasonable apprehension of suit for infringement; however, Filtertek argues that the
17 Alaris action was also anticipatory. Filtertek sent a letter to Alaris alleging infringement of the
18 '413 patent on June 8, 2000. Alaris concedes the accusation was not equivocal but instead an
19 express charge of infringement. Alaris also asserts that because Filtertek expressly and
20 repeatedly accused Alaris of infringement of the '413 patent, its complaint was not an
21 anticipatory filing which would justify bypassing the first-filed complaint rule.
22     Filtertek challenges Alaris's position by noting Alaris did not file its complaint for
23 declaratory relief immediately but instead waited until six months after receipt of Filtertek's
24 letter. During this time, the parties engaged in settlement negotiations. Alaris states in its
25 opposition that "[b]y the end of November, 2000, ALARIS had concluded . . . that Filtertek was
26 not interested in reconsidering its infringement allegations." Opposition at 4. Thus, Alaris
27 decided at that point to file its complaint on December 5, 2000 without advising Filtertek that
28 further settlement discussions would not be effective and Alaris had filed its complaint. Yet

Alaris met the following day to continue settlement negotiations. On its own, Filtertek learned of Alaris's complaint but as Alaris states, Filtertek "did not immediately initiate its own action. To the contrary it indicated it [Filtertek] hoped the filed litigation would not become necessary." Opposition at 5. Although Filtertek's letter demonstrated its strong intent to consider business solutions and the desire to avoid litigation, and its behavior demonstrated its continuing commitment to settlement negotiations, Filtertek let it be known in a clear manner that litigation would be pursued in the event settlement was not reached. Under the totality of circumstances, the Court concludes that Alaris filed its action because of the threat of suit which prompted Alaris to file this action in order to secure its choice of forum. As such, Alaris's action was an anticipatory suit.

Filtertek also asserts that Alaris's declaratory action was brought in bad faith as evidenced by continuing settlement negotiations after the action was filed but before Alaris made the action known. (Reply at 3). In *Ward*, the Court did not find bad faith where the first to file party engaged in nine months of discussion to resolve the dispute on grounds that were different from those raised in its complaint; and the defendant was not notified of or served with the complaint until nearly four months after the complaint was filed. *Ward*, 158 F.R.D. at 649. Alaris's acts are similar to those found in *Ward*. As the *Ward* court noted, "[w]hile [the first to file plaintiff's] conduct in bringing suit was perhaps less than courteous, it does not amount to bad faith warranting a departure from the 'first to file' rule." *Id*. Although the Court finds that Alaris acted anticipatorily in filing this action, the Court further finds that Alaris did not act in bad faith in the manner Filtertek asserts.

The Court finds there are sufficient facts to disregard the first-to-file rule on the basis that Plaintiff filed its Complaint as an anticipatory measure in response to Filtertek's June 8, 2000 letter that unequivocally noted Alaris's alleged infringement and the possibility of litigation. Moreover, the Court finds and concludes Alaris's first-filed action was filed for forum shopping purposes.

4.   **Balance of Convenience**

Filtertek argues that the Northern District of Illinois case has progressed sufficiently to

begin the exchange of written discovery thus judicial economy favors transfer of the action. With respect to the convenience of the parties and witnesses, Filtertek acknowledges that the convenience of Filtertek and Alaris is a neutral factor in considering the balance of convenience but also contends that a co-infringer of its patent and a party in the Illinois action, is an Ohio corporation making Illinois a much more convenient forum for at least one of the parties. Although plaintiff maintains that Medex is not a necessary party to this litigation, Medex's inclusion in the Northern District of Illinois action does provide a basis for transfer based on convenience.

Moreover, the relative congestion between the courts warrants transfer. In 2000, the Administrative Office of the United States Courts calculated that this district has 978 weighted filings per judge, whereas the Northern District of Illinois has 437 weighted filings per judge. (Administrative Office of the U.S. Courts, *Judicial Business of the United States Courts* at 401 (2000)). Indeed, this district has the highest weighted caseload per judge in the country, prompting the judges of this court to declare a judicial emergency last year. That judicial emergency can be found in General Order 486 on the district's website.

Because of this district court's congested calendar, the convenience of the Northern District of Illinois with respect to Medex, and the progress of the patent infringement action in the Northern District of Illinois which would result in judicial economy, the Court finds that the balance of convenience weighs in favor of transfer.

## CONCLUSION

The Court concludes that it should not adhere to the first-to-file rule in this case. Plaintiff has engaged in a forum shopping by anticipatorily filing this declaratory action, thereby justifying a departure from the first-to-file rule. Moreover, the Court concludes that there is sufficient evidence to support setting aside plaintiff's choice of forum based on the convenience factors discussed above.

Based on the foregoing, **IT IS ORDERED** denying defendant's motions to dismiss [doc. #8-1]. **IT IS FURTHER ORDERED** granting defendant's motions to transfer venue to the United States District Court for the Northern District of Illinois [doc. #8-2]. **IT IS FURTHER**

1 | **ORDERED** directing the Clerk of the Court to transfer the file in this matter to the United States
2 | District Court for the Northern District of Illinois.
3 | **IT IS SO ORDERED.**
4 |
5 | Dated: 12/19/01                                     /s/ M. James Lorenz
6 |                                                     M. JAMES LORENZ
                                                        UNITED STATES DISTRICT JUDGE
7 | COPY TO:
8 | HON. ANTHONY J. BATTAGLIA
    UNITED STATES MAGISTRATE JUDGE
9 |
    ALL PARTIES/COUNSEL

# UNITED STATES DISTRICT COURT

Southern District Of California
Office Of The Clerk
880 Front Street, Room 4290
San Diego, California 92101-8900
Phone: (619) 557-5600
Fax: (619) 702-9900

W. Samuel Hamrick, Jr.
Clerk of Court

Matt Dykman
Chief Deputy

May 17, 2002

Office of the Clerk
Northern District of Illinois
219 South Dearborn Street
Chicago IL 60604

Re: Alaris Medical Systems Inc v. Filtertek Incorporated, Case No. 00cv2404 L(AJB)

Dear Sir or Madam:

Pursuant to Order transferring the above-entitled action to your District, we are transmitting herewith our entire original file (excepting said Order).

Enclosed are a certified copy of our Docket and of the Order transferring the action, the originals of which we are retaining.

Please acknowledge receipt on the copy of this letter and return. Thank you.

Sincerely yours,

W. Samuel Hamrick, Jr.
Clerk of Court

By:_____M. GOMEZ_____
Mayme E. Gomez, Deputy

Copy to Attorney for Plaintiffs:
Copy to Attorney for Defendants:

RECEIVED ITEMS DESCRIBED

THIS DATE OF _____
AND ASSIGNED CASE NUMBER _____

CLERK, U.S. DISTRICT COURT

By: _____, Deputy